Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 fax
nick@ferrarovega.com / lauren@ferrarovega.com

*Attorneys for Plaintiff Eric William Oliverio-Still*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WILLIAM OLIVERIO-STILL, individually and on behalf of others similarly,<br><br>Plaintiffs,<br><br>vs.<br><br>AVMAC LLC, a Virginia limited liability company,<br><br>Defendant. | Case No. **'24 CV 0870 L    DEB**<br><br>**CLASS ACTION**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>1. Failure to Pay All Overtime Wages Owed (FLSA, 29 U.S.C. § 201 *et seq.*)<br>2. Failure to Pay for All Hours Worked (FLSA, 29 U.S.C. §§ 201 *et seq.*)<br>3. Minimum Wage Violations (Labor Code §§1194,1197, and 1198)<br>4. Failure to Pay All Overtime Wages (Labor Code §§ 510, 1194, and 1198)<br>5. Meal Period Violations (Labor Code § 226.7)<br>6. Rest Period Violations (Labor Code § 226.7)<br>7. Paid Sick Leave Violations (Labor Code § 246 *et seq.*)<br>8. Untimely Payment of Wages (Labor Code § 204 *et seq.*)<br>9. Wage Statement Violations (Labor Code § 226)<br>10. Waiting Time Penalties (Labor Code § 203)<br>11. Unlawful Wage Deductions (Labor Code §§ 221 through 225)<br>12. Unfair Competition (Bus. & Prof. Code § 17200 *et seq.*) |

Plaintiff ERIC WILLIAM OLIVERIO-STILL, individually and on behalf of all others similarly situated ("Plaintiff") brings this CLASS AND COLLECTIVE ACTION COMPLAINT against Defendant AVMAC LLC ("Defendant" and "AVMAC"), alleging as follows:

## INTRODUCTION

1.    This is a class and collective action regarding AVMAC's wage and hour violations.

2.    Defendant underpaid the California class members' wages by failing to include all forms of remuneration, including cash in lieu of fringe benefits payments paid under the obligation of the Service Contract Act, into the regular rate of pay calculation for their hourly overtime, sick, and premium wages.

3.    Defendant failed to maintain compliant meal and rest period practices, resulting in a failure to pay all wages and premiums owed to the California Class Members at the lawful rate.

4.    Defendant failed to pay Plaintiff and the California Class Members for all hours worked due to off-the-clock work and unauthorized time editing.

5.    Defendant's employment policies, practices, and payroll administration systems enabled and facilitated these violations on a company-wide basis with respect to the class and collective members.

6.    Defendant committed the same overtime violations with respect to a nationwide collective of employees, who Plaintiff seeks to represent under the Fair Labor Standards Act.

## JURISDICTION & VENUE

7.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, along with jurisdiction under 29 U.S.C. § 216(b) (FLSA actions "may be maintained against any employer … in any Federal or State court of competent jurisdiction").

CLASS AND COLLECTIVE ACTION COMPLAINT
*Oliverio-Still v. AVMAC LLC*

8.      Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims arose in this district, as Plaintiff brings claims on behalf of a California class of current and former California employees who worked throughout California, including at Defendant's worksite in San Diego County.

**PARTIES**

**A.    Plaintiff Eric William Oliverio-Still**

9.      Plaintiff Oliverio-Still is an individual over 18 years of age who worked for Defendant in California as a non-exempt employee from about July 2019 to April 2024.

10.      Plaintiff worked as a Hazardous Material Coordinator.

11.      Plaintiff worked in San Diego County as an employee of AVMAC LLC.

12.      Defendant paid various forms of remuneration to Plaintiff during his employment, including cash in lieu of benefits, overtime, and premiums under Labor Code § 226.7.

13.      A written consent form for Plaintiff is attached hereto as Exhibit 1.

**B.    Defendant**

14.      Throughout the respective statutory periods, AVMAC was a legal employer of Plaintiff and the class and collective members.

15.      Defendant AVMAC LLC is a Virginia limited liability company that maintains operations and conducts business throughout the State of California, including in this county.

16.      Plaintiff is informed, believes, and alleges that during the previous four-year period, including within the past three years, statutory periods respectively, AVMAC has employed class and collective members throughout the United States, including but not limited to California.

17.      Upon information and belief, AVMAC is an employer, co-employer, joint employer, and/or part of an integrated employer enterprise, as it exercised control over

the wages, hours, and working conditions of the employees, suffered and permitted them to work, and otherwise engaged them as employees under state and federal laws.

18.    Upon information and belief, AVMAC acted in all respects pertinent to this action as an alter-ego, agent, servant, joint employer, joint venturer, co-conspirator, partner, in an integrated enterprise, or in some other capacity on behalf of all other co-defendants, such that the acts and omissions of each defendant may be legally attributable to all others.

## CLASS ALLEGATIONS[1]

19.    Plaintiff brings the Second through Eleventh Causes of Action individually and on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages, unpaid premiums, penalties, and other damages related to AVMAC's violations of the California Labor Code and IWC Wage Orders.

20.    Plaintiff pursues the requested relief on behalf of the following "California Class" and "FLSA Collective":

    a.    All current and former non-exempt hourly employees of AVMAC who worked for Defendant in the United States of America at any time during the three years preceding the filing of this action through the present date (hereinafter, the "FLSA Collective" and the "FLSA Period").

    b.    All current and former non-exempt employees who worked for Defendant in California at any time from four years (plus the additional 178-day statutory tolling period under Emergency Rule No. 9) prior to the filing of this action through date of class

---

1 Once the states where each employee worked is revealed through discovery, Plaintiff intends to amend this Complaint to include class claims under applicable state law for the violations alleged herein.

CLASS AND COLLECTIVE ACTION COMPLAINT
*Oliverio-Still v. AVMAC LLC*

certification (hereinafter, the "California Class Members" or "California Class" and the "California Class Period").

21.     Plaintiff additionally seeks to certify the following subclasses of employees defined as:

a.     **California Auto-Deduct Subclass**

All Class Members who were not paid regular or overtime wages for all hours worked as a result of Defendant's policy of automatically deducting 30 minutes of pay each workday for a meal period regardless of whether a compliant meal period was actually taken.

b.     **California Security Check Subclass**

All Class Members who were not paid regular or overtime wages for time spent undergoing security checks before and after each shift.

c.     **California Regular Rate OT Subclass**

All Class Members who were not paid all overtime wages at the correct regular rate of pay (inclusive of but not limited to "HEALTH & WELF" payments) for hours worked over eight (8) hours per day or forty (40) hours per week.

d.     **California Premium Wage Subclass**

All Class Members who were not paid premium wages at the regular rate of pay (inclusive of but not limited to "HEALTH & WELF" payments) for non-compliant meal and rest periods.

e.     **California Sick Pay Subclass**

All Class Members who were not paid all sick leave at the regular rate of pay (inclusive of but not limited to "HEALTH & WELF" payments).

f.     **California Meal Period Subclass**

All California Auto-Deduct Class Members who were not paid all premiums due for non-compliant meal periods.

22. This action has been brought and may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined common interest of many persons, and it is impractical to bring them all before the Court. Plaintiff reserves the right to establish various subclass definitions as appropriate at the class certification stage, according to proof.

23. The class is ascertainable and shares a well-defined community of interest in this litigation:

c.   Numerosity: The class is estimated to exceed 50 individuals, although the precise membership of the entire class is unknown at this time. The class is so numerous that joinder of all class members is impracticable. The identities of class members are ascertainable by inspection of Defendant' employment and payroll records.

d.   Typicality: Plaintiff's claims are typical of the claims of the other class members. They were subject to the same policies and practices of Defendant, which resulted in losses to the class. Proof of common unlawful business practices, which Plaintiff experienced, will establish the right of the class to recover on the causes of action alleged herein.

e.   Adequacy: Plaintiff is an adequate class representative; will take all necessary steps to protect the class members' interests adequately and fairly; has no interest antagonistic to other class members; and is represented by attorneys who have substantial experience prosecuting, defending, resolving, and litigating wage and hour class, collective, and representative actions in California state and federal courts.

CLASS AND COLLECTIVE ACTION COMPLAINT
*Oliverio-Still v. AVMAC LLC*

f.  Superiority: A class action is superior to other means for adjudicating this dispute. Individual joinder is impractical. Class treatment will allow for common issues to be resolved in a single forum, simultaneously, and without duplication of effort and expense.

g.  Public Policy Considerations: Certification of this lawsuit as a class action advances the State of California's strong public interest in ensuring its approximately millions of employed residents are properly paid the wages they earned for the hours they worked. Class actions provide a mechanism for enforcement of labor laws and allow for vindication of employee rights by unnamed class members.

24.  Common questions of law and fact as to the class members predominate over questions affecting only individual members. The common questions of law and fact exist as to whether the employment policies and practices formulated by Defendant and applied to the class members constitute violations of California law.

## **GENERAL ALLEGATIONS**

25.  Plaintiff and the class and collective members worked for Defendant and were compensated on an hourly basis as nonexempt employees.

26.  In addition to earning hourly compensation, Defendant paid Plaintiff and the class and collective members other forms of non-discretionary remuneration, including fringe benefit cash payments.

27.  Some of these cash in lieu of benefits payments are designated as line items on wage statements for class and collective members, including Plaintiff, with the label "HEALTH &WELF," an abbreviation for health and welfare.

28.  AVMAC paid these health and welfare payments to Plaintiff and Class and Collective Members to discharge its obligation to furnish fringe benefits to Plaintiff under the Service Contract Act.

- 6 -

29. Instead of furnishing the fringe benefits to Plaintiff and other Class and Collective Members, AVMAC instead elected to furnish the cash equivalent, which is calculated by multiplying certain hours worked by the hourly rate for such "HEALTH & WELF" payments.

30. The cash payments were paid directly by AVMAC and not by a third party or trustee and are not excluded from the regular rate of pay calculation under California or federal law. *See Bonner v. Metropolitan Security Services, Inc.* (W.D. Tex. Mar. 15, 2011) Case No. SA-10-CV-937-XR (holding that cash health and welfare payments made directly by an employer to an employee under a contract governed by the Service Contract Act are not excludable from the "regular rate of pay").

31. AVMAC was required to include cash in lieu of benefits such as "HEATH & WELF" payments in the regular rate of pay for purposes of calculating and paying overtime to Plaintiff and Class and Collective Members during the Statutory Periods. *See, e.g., Flores v. City of San Gabriel*, 824 F. 3d 890, 901 (9th Cir. 2016) (affirming "cash-in-lieu of benefits payments are not properly excluded" from the regular rate of pay): *Bonner v. Metropolitan Security Services, Inc.*, 2011 U.S. Dist. LEXIS 26251, Case No. SA-10-CV-937-XR (W.D. Tex., Mar. 15, 2011).

32. AVMAC did not include cash in lieu of benefits such as "HEALTH & WELF" payments in the "regular rate of pay" for purposes of calculating and paying overtime wages to Plaintiff or the Class and Collective Members during the Statutory Periods.

33. For example, in the pay period of 1/16/2024 to 1/31/2024 Plaintiff earned $707.84 as a cash payment in lieu of benefits and 16 hours of overtime, however, Plaintiff's overtime was paid at 1.5 times his base hourly rate. Defendant failed to factor in the cash-in-lieu of benefits payment in the overtime rate.

34. AVMAC was required to include cash in lieu of benefits such as "HEALTH & WELF" payments in the regular rate of compensation for purposes of calculating and paying meal and rest period premiums to Plaintiff and California Class

CLASS AND COLLECTIVE ACTION COMPLAINT
*Oliverio-Still v. AVMAC LLC*

Members during the California Class Period.  *Ferra v. Loews Hollywood Hotel, LLC*, 11 Cal. 5th 858, 862 (2021).

35.    Plaintiff and the California Class Members routinely experienced missed, late, short, and interrupted meal periods to keep up with the demands of the job, understaffing, and responding to arising emergency situations.

36.    Nonetheless, Defendant had a policy of automatically deducting meal periods, irrespective of Plaintiff's and the California Class Members' ability to take one. As a result, Defendants failed to pay all owed meal period premiums.

37.    Defendant did not consistently pay all meal and rest premiums, to the extent paid, Defendant improperly excluded all forms of additional remuneration, such as the cash benefits, from the calculation of premium pay.

38.    Similarly, AVMAC was required to pay rest period premiums at the regular rate of pay, inclusive of the "HEALTH & WELF" payments.

39.    On information and belief, Plaintiff alleges the California Class Members were underpaid rest period premiums.  To the extent any rest period premiums were paid, they were underpaid as a result of Defendant's policy and practice of not including all forms of remuneration in the calculation of the regular rate of pay at which such rest period premiums must be paid.

40.    On information and belief, Plaintiff alleges the California Class Members were underpaid sick leave.  To the extent any sick leave was paid, those wages were underpaid as a result of Defendant's policy and practice of not including all forms of remuneration in the calculation of the regular rate of compensation at which such sick leave must be paid.

41.    Defendant additionally failed to pay Plaintiff and the California Class Members at the lawful minimum wage rate for all hours worked, resulting in unpaid minimum wages.

42.    First, Plaintiff and the California Class Members were required to enter and undergo security checks on the Marine Corps Air Station Miramar base in order to

CLASS AND COLLECTIVE ACTION COMPLAINT
*Oliverio-Still v. AVMAC LLC*

get to their worksite.  Plaintiff and the California Class Members were not compensated for the time spent waiting and undergoing these security checks and driving to the worksite from there.

43.    Under *Freklin*, "time spent on the employer's premises waiting for an undergoing, required exit searches of packages, bags, or personal technology devices voluntarily brought to work purely for personal convenience was compensable as 'hours worked' within the meaning of wage order No. 7-2001" reasoning that "[a]ccording to the 'hours worked' control clause in the wage orders such employee[s] must be paid. *Freklin v. Apple Inc.* (2020) 8 Cal. 5th 1038.

44.    Additionally, the California Supreme Court recently held, "an employee's time spent on an employer's premises awaiting and undergoing an employer-mandated exit procedure that includes the employer's visual inspection of the employee's personal vehicle is compensable as 'hours worked' within the meaning of Wage Order No. 16, section 2(J)."  *Huerta v. CSI Elec. Contractors*, 15 Cal. 5th 908, 544 P.3d 1118, 1122 (2024).

45.    Further, "the time that an employee spends traveling between the Security Gate and the employee parking lots is compensable as "employer-mandated travel" under Wage Order No. 16, section 5(A)."  *Id.*

46.    Plaintiff and the California Class Members regularly waited 5-10 minutes in the line to undergo a security check and spent another 5-10 minutes driving to the flight line (or otherwise designated work site).  Plaintiff and the California Class Members were not permitted to clock-in until arriving to their designated work site where there was a face scanner.

47.    As a result, Plaintiff and the California Class Members were not properly compensated for all hours worked.

48.    Second, Defendants engaged in an unlawful policy and practice of editing Plaintiff's and the California Class Members' time records to reflect less hours worked.

49.     Finally, Defendants engaged in a policy of automatically deducting 30-minute meal periods each day, regardless of Plaintiff's and the California Class Members' ability to take a compliant meal period.

50.     Each time Plaintiff and the California Class Members engaged in off-the-clock work due to time spent waiting for and completing security checks or working through their unpaid, automatically-deducted meal periods, this practice resulted in unpaid hours worked.

51.     Each time Defendant unlawfully removed hours actually worked by Plaintiff and the California Class Members, this resulted in unpaid hours worked.

52.     To the extent these unlawful policies and practices resulted in unpaid hours over 8 hours in a day or 40 hours in a week, this resulted in unpaid overtime hours.  To the extent that these hours were earned in the same pay period Defendant paid fringe benefits or other additional non-excludable remuneration this resulted in an underpayment due to their policy of failing to pay overtime at the regular rate of compensation.

53.     Defendant maintained an unlawful policy and practice of deducting wages and earnings from Plaintiff and the California Class Members.

54.     Specifically, Plaintiff was hired as a Hazardous Material Coordinator and completed job duties consistent with this position, however was paid as a lower-level Technician at a rate lower than promised in his employment agreement.

55.     Plaintiff's signed employment agreement stated he was supposed to be paid $32.42 as his starting rate (to be increased by a set percentage each year).

56.     For example, in 2022, Plaintiff should have been paid at a rate of $38.19 per hour, however, was paid only at $34.19 per hour.

57.     The underpayments continued throughout his employment, which ended in 2024.  On information and belief, Defendants unlawfully deducted and underpaid wages to Plaintiff and the California Class Members in violation of California Labor Code § 223.

CLASS AND COLLECTIVE ACTION COMPLAINT
*Oliverio-Still v. AVMAC LLC*

58.    Because of these violations, Defendant failed to provide accurate itemized wage statements to the California Class Members that included the accurate gross or net wages earned, as the employees earned regular, overtime, premiums, and sick leave which were not paid at the lawful rate.

59.    Likewise, overtime, sick, and premium wages were paid at inaccurate hourly wage rates (*i.e.* the base rate or a multiple of the base rate for overtime instead of the regular rate) which violates the wage statement requirement to include the correct hourly rate in effect each pay period along with the correct number of hours. Therefore, Defendant has provided inaccurate and non-compliant wage statements to the California Class Members.

60.    Furthermore, in each pay period in which Defendant paid cash in lieu of benefits, Defendant violated Labor Code § 226(a)(9) by failing to state the hourly rate at which the cash in lieu of benefit payment earnings was paid and the corresponding number of hours at that rate.

61.    Defendant violated Labor Code § 226(a)(2) by failing to list employees "total hours worked," as the wage statements did not accurately include the uncompensated time worked due to Defendant's policy and practice of editing time records and requiring off-the-clock work.

62.    These violations create derivative liability for failure to pay all wages owed each payday or upon separation of employment.

63.    As a result of the forgoing violations, AVMAC also failed to timely pay all wages as they were due to Plaintiff and the California Class Members while they were employed and also failed to timely pay all wages due to Plaintiff and the California Class Members at their separation of employment.

## FLSA COLLECTIVE ACTION

64.    Plaintiff brings the First Cause of Action individually and on behalf of all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime

wages, liquidated damages, and other damages related to AVMAC's violation of the FLSA.

65.     Plaintiff pursues the requested relief on behalf of the following FLSA Collective:

> a.    All current and former non-exempt hourly employees of AVMAC LLC who worked in the United States of America at any time during the three years preceding the filing of this action through the present date (hereinafter, the "<u>FLSA Collective</u>" and the "<u>FLSA Period</u>").

66.     Plaintiff is a member of the FLSA Collective he seeks to represent because he worked in the United States of America within the past three years for AVMAC LLC and he was paid overtime wages in the same pay period in which he was paid cash in lieu of benefits.

67.     Although Plaintiff and the FLSA Collective may have had different job titles, worked in different states or at different locations, and received different hourly rates of pay, this action may be properly maintained as a collective action because Plaintiff and the FLSA Collective were similarly situated as follows:

> a.    Plaintiff and the FLSA Collective were all hourly, non-exempt employees.
>
> b.    Plaintiff and the FLSA Collective were subject to AVMAC's policies, practices, and directives with respect to regular and overtime pay.
>
> c.    Plaintiff and the FLSA Collective were paid regular and overtime wages.
>
> d.    Plaintiff and the FLSA Collective were paid cash-in-lieu of benefits and differentials and other forms of non-excludable remuneration.

CLASS AND COLLECTIVE ACTION COMPLAINT
*Oliverio-Still v. AVMAC LLC*

e.   Regardless of their job title or location, AVMAC did not pay Plaintiff and the FLSA Collective at an overtime rate of at least 1.5x their regular rate of pay for all overtime hours.

68.   Plaintiff estimates that the FLSA Collective, including current and former employees during the FLSA Period, will exceed one hundred members, though the precise number of individuals in the FLSA Collective should be readily available from AVMAC's personnel file records and other personnel and pay records they are required to keep and maintain under state and federal laws.

69.   The First Cause of Action is properly brought and maintained as an opt-in collective action.  29 U.S.C. 216(b).  The FLSA Collective can be provided notice by first class mail and/or email to the last addresses known to their employer.

70.   The Second of Action is properly brought and maintained as an opt-in collective action.  29 U.S.C. 216(b).  The FLSA Collective can be provided notice by first class mail and/or email to the last addresses known to their employer.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY ALL OVERTIME WAGES**

**FLSA - 29 U.S.C. §§ 201 *et seq.***

**(Plaintiff and the FLSA Collective Against AVMAC LLC)**

71.   Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

72.   AVMAC has been, and continues to be, an "employer" engaged in "interstate commerce" within the meaning of 29 U.S.C. § 203.

73.   AVMAC has employed, and continues to employ, the FLSA Collective as "employee[s]" within the meaning of the FLSA.

74.   AVMAC knowingly, willfully, and intentionally, failed to compensate Plaintiff and the FLSA Collective all overtime wages due under the FLSA, as mandated by 29 U.S.C. § 207(a).

CLASS AND COLLECTIVE ACTION COMPLAINT
*Oliverio-Still v. AVMAC LLC*

75. AVMAC employed Plaintiff and the FLSA Collective to work, and they did work, in excess of forty (40) hours per week.

76. Further, AVMAC paid Plaintiff and the FLSA Collective cash benefits, cash in lieu of benefits, differentials, and other forms of remuneration that were not subject to exclusion from the regular rate of pay under the FLSA.

77. AVMAC failed to pay Plaintiff and the FLSA Collective at one-and-one half times the regular rate of pay, inclusive of the aforementioned forms of remuneration, for hours in excess of forty (40) per week during the FLSA Period.

78. Plaintiff and the FLSA Collective have been harmed as a direct and proximate result of AVMAC's unlawful conduct because they have been deprived of overtime wages owed for time worked more than 40 hours per week (i.e., due to the regular rate underpayments).

79. AVMAC's violations of the FLSA, as described in this Complaint, have been willful and intentional.

80. AVMAC failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and other similarly situated current and former employees, despite the unambiguous language of 29 U.S.C. § 207(a)(1) and the unambiguous eight allowable exclusions set forth in 29 U.S.C. § 207(e)(1) through (8).

81. Because AVMAC's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

82. As a result of the unlawful acts of AVMAC, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### FAILURE TO PAY FOR ALL HOURS WORKED

### FLSA - 29 U.S.C. §§ 201 *et seq.*

### (Plaintiff and the FLSA Collective Against AVMAC LLC)

83.    Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

84.    At all relevant times, Defendant has been, and continues to be, an "employer" engaged in "interstate commerce" within the meaning of FLSA, 29 U.S.C. § 203, and Defendant has employed, and continues to employ the Covered Employees as "employee[s]" within the meaning of the FLSA.

85.    Defendant knowingly, willfully, and intentionally, failed to compensate Plaintiff and the FLSA Collective all wages under the FLSA, including agreed upon wages and the applicable minimum wage, as mandated by 29 U.S.C § 206(a).

86.    Defendant failed to pay Plaintiff and the FLSA Collective for all hours worked as a result of its policies of requiring off-the-clock work (including, but not limited to unpaid security checks) and automatically deducting 30-minute meal periods regardless of the collective's ability to take one.

87.    This practice resulted in Plaintiff and the FLSA collective being deprived of their regular wages.

## THIRD CAUSE OF ACTION

### MINIMUM WAGE VIOLATIONS

### Violation of Labor Code §§ 1194, 1194.2 and 1197

### (All Claims Alleged by Plaintiff and Class Members Against AVMAC LLC)

88.    All outside paragraphs of this Complaint are incorporated into this section.

89.    This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 1182.12, 1194, 1194.2, 1197, 1197.1 and 1198 and the IWC Wage Orders (the "Hours and Days of Work" and "Minimum Wages" sections of the applicable orders), which require non-exempt employees be timely paid at least the state

or local minimum wage (if higher) for each hour of work, and further provide a private right of action for an employer's failure to pay all minimum wages (plus liquidated damages).

90.    Defendant willfully failed in their affirmative obligation to pay Plaintiff and class members at least the lawful minimum wage for each hour worked in violation of Labor Code sections 1182.12, 1194, 1194.2, 1197, 1197.1 and 1198 and the IWC Wage Orders (the "Hours and Days of Work" and "Minimum Wages" sections of the applicable orders), including payment at the lawful local and county minimum wage ordinances in effect.  As a result, Defendant is liable for all associated damages, including liquidated damages for the minimum wage violations pursuant to Labor Code § 1194.2.

91.    Defendant's unlawful acts and omissions deprived Plaintiff and class members of minimum, regular and overtime wages in amounts to be determined at trial. Plaintiff and class members are entitled to recover the full amount of the unpaid wages, plus liquidated damages in an amount equal to the wages unlawfully unpaid (and interest thereon), in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code sections 1194 and 1194.2.

## FOURTH CAUSE OF ACTION
### FAILURE TO PAY ALL OVERTIME WAGES
### Violation of Labor Code §§ 510 and 1194

92.    All outside paragraphs of this Complaint are incorporated into this section.

93.    This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 510, 558, 1194, and 1198, which require non-exempt employees be timely paid overtime wages all overtime hours worked, and which further provide a private right of action for an employer's failure to pay all overtime compensation for overtime hours worked.

94.    Defendant failed in their affirmative obligation to pay Plaintiff and class members no less than one and one-half times their respective "regular rate of pay" for

all hours worked in excess of eight hours in one day, 40 hours in one week, or the first eight hours worked on the seventh day of work in any one workweek, and no less than twice their respective "regular rate of pay" for all hours over 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek for such hours worked, in violation of Labor Code sections 204, 510, 558, 1194, and 1198 and the IWC Wage Orders (the "Hours and Days of Work" sections of the applicable orders).

95.     Plaintiff and class members are entitled to recover the full amount of the unpaid overtime, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

## FIFTH CAUSE OF ACTION

### MEAL PERIOD VIOLATIONS

#### Violation of Labor Code §§ 226.7 and 512

96.     All outside paragraphs of this Complaint are incorporated into this section.

97.     This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 226.7, 558 and 512, which require non-exempt employees be provided complaint meal periods (or meal period premiums in lieu thereof), and which further provide a private right of action for an employer's failure to lawfully provide all meal periods and/or pay meal period premiums at the lawful regular rate of compensation.

98.     Defendant willfully failed in their affirmative obligation to consistently provide Plaintiff and class members compliant, duty-free meal periods of not less than 30 minutes beginning before the fifth hour of hour for each work period of more than five hours per day and a second duty-free meal period of not less than 30 minutes beginning before the tenth hour of hour of work in violation of Labor Code sections 226.7, 512, 558, 1198 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders).

99.     Further, Defendant willfully failed in their affirmative obligation to consistently pay Plaintiff and class members one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant meal period was

not provided, in violation of Labor Code sections 226.7, 512, 558, and 1198 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders).

100.   Plaintiff and class members are entitled to recover the full amount of the meal period premiums owed, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

**SIXTH CAUSE OF ACTION**

**REST PERIOD VIOLATIONS**

**Violation of Labor Code §§ 226.7 and 516**

101.   All outside paragraphs of this Complaint are incorporated into this section.

102.   This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 226.7 and 516, which require non-exempt employees be authorized to take complaint rest periods (or rest period premiums in lieu thereof), and which further provide a private right of action for an employer's failure to lawfully provide all rest periods and/or pay rest period premiums at the lawful regular rate of compensation.

103.   Defendant willfully failed in their affirmative obligation to consistently authorize and permit Plaintiff and class members to receive compliant, duty-free rest periods of not less than ten (10) minutes for every four hours worked (or major fraction thereof) in violation of Labor Code sections 226.7, 516, 558, and 1198 and the IWC Wage Orders (the "Rest Periods" sections of the applicable orders).

104.   Further, Defendant willfully failed in their affirmative obligation to consistently pay Plaintiff and class members one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant rest period was not provided, in violation of Labor Code sections 226.7, 516, 558, and 1198 and the IWC Wage Orders.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO PAY ALL PAID SICK LEAVE WAGES**

**Violation of Labor Code §§ 200, 218, 246 *et seq.***

105.   All outside paragraphs of this Complaint are incorporated into this section.

CLASS AND COLLECTIVE ACTION COMPLAINT
*Oliverio-Still v. AVMAC LLC*

106. Defendant knowingly and intentionally failed in their affirmative obligation to pay sick leave wages to Plaintiff and a paid sick leave subclass in violation of Labor Code section 246 *et seq.* Paid sick leave earnings constitute wages for purposes of California wage and hour law. (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1103 ["Courts have recognized that 'wages' also include those benefits to which an employee is entitled as a part of his or her compensation, including money, room, board, clothing, vacation pay, and sick pay"].)

107. Labor Code section 246(l), in conjunction with Labor Code section 248 *et seq.,* 248.1, 248.2, and 248.6, in addition to the applicable County sick pay ordinances in locales worked by class members, govern how Defendant were required to calculate paid sick leave.

108. Defendant failed to pay Plaintiff and class members their paid sick leave wages at one of the lawful rates set forth in the statute or ordinance because Defendant failed to include in their sick leave calculation the additional remuneration received by Plaintiff and class members (i.e., at the regular rate of pay and/or calculated based on total wages earned).

109. Furthermore, to the extent the paid sick leave paid constitutes Covid-related paid sick leave, Defendant knowingly and intentionally failed in their affirmative obligation to pay Covid-19 Supplemental Sick Leave wages to class members at the correct accrual rate or hourly pay rate in violation of Labor Code sections 246, 248.1, 248.2, and 248 *et seq.*

110. As a result, Defendant violated the Labor Code and is liable to Plaintiff and class members for underpaid sick leave wages, in addition to interest, attorneys' fees, and costs.

## **EIGHTH CAUSE OF ACTION**

### **UNTIMELY PAYMENT OF WAGES**

### **Violation of Labor Code §§ 204, 210, 218**

111. All outside paragraphs of this Complaint are incorporated into this section.

112.   This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 204b, and 210 which require non-exempt employees be timely paid all wages owed each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation.  Labor Code § 218 authorizes individuals to sue directly for wages and penalties due under these sections, including Labor Code § 210(c)'s statutory late payment penalties.

113.   Defendant willfully failed in their affirmative obligation to timely pay all wages, including paid sick leave and meal and rest premiums, earned by Plaintiff and class members twice during each calendar month on days designated in advance by the employer as regular paydays (for employees paid on a non-weekly basis) and on the regularly-scheduled weekly payday for weekly employees, if any, in violation of Labor Code sections 204 and 204b and the IWC Wage Orders (the "Minimum Wages" sections of the applicable orders).

114.   Plaintiff and class members are entitled to recover the full amount of the unpaid wages, in addition to a statutory penalty in the amount of $100 for the initial violation for each failure to pay each employee and $200 for all subsequent violations and for all willful or intentional violations for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld under provided in Labor Code § 210, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

## NINTH CAUSE OF ACTION

### WAGE STATEMENT VIOLATIONS

### Violation of Labor Code § 226

115.   All outside paragraphs of this Complaint are incorporated into this section.

116.   This cause of action is brought by a wage statement subclass pursuant to Labor Code § 226(a) which requires non-exempt employees be provided accurate itemized wage statements each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation.

117.    Defendant knowingly and intentionally failed in their affirmative obligation to provide accurate itemized wage statements to Plaintiff and class members resulting in injury to Plaintiff and class members.  Specifically, the wage statements issued to Plaintiff and class members did not accurately state each pay period all of the information required by Labor Code § 226(a)(1)-(9).

118.    Defendant's unlawful acts and omissions deprived Plaintiff and class members of accurate itemized wage statements, causing confusion and concealing wage and premium underpayments.

119.    As a result, Plaintiff and class members are entitled to recover the statutory penalty of $50 per employee for the initial pay period in which a violation occurred and $100 per employee for each violation in a subsequent pay period, up to an aggregate penalty of $4,000 per employee, in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 226(e).

### TENTH CAUSE OF ACTION
### WAITING TIME PENALTIES
### Violation of Labor Code §§ 201 *et seq.*

120.    All outside paragraphs of this Complaint are incorporated into this section.

121.    This cause of action is brought by a waiting time subclass pursuant to Labor Code §§ 201 through 203, which require an employer to timely pay all wages earned upon termination of employment, and which further provide a private right of action to recover statutory waiting time penalties each day an employer fails to comply with this obligation, up to a maximum of 30 days wages.

122.    Defendant willfully failed and continue to fail in their affirmative obligation to pay all wages earned and unpaid to Plaintiff and class members immediately upon termination of employment or within 72 hours thereafter for employees who did not provide at least 72 hours prior notice of his or her intention to quit, and further failed to pay those sums for 30 days thereafter in violation of Labor Code sections 201 through 203 and the IWC Wage Orders.

123.    Plaintiff and class members are entitled to recover a waiting time penalty for a period of up to 30 days, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

## ELEVENTH CAUSE OF ACTION

### UNLAWFUL WAGE DEDUCTIONS

### Violation of Labor Code §§ 221 through 225

124.    All outside paragraphs of this Complaint are incorporated into this section.

125.    Labor Code section 221 renders it "unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

126.    Labor Code section 222 renders it illegal to unlawfully withhold any part of wages agreed upon from the employee.

127.    Labor Code section 222.5 renders it unlawful to deduct from employee compensation, or require employee payment, for pre-employment medical or physical examination taken as a condition of employment.

128.    Labor Code section 223 states "[w]here any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

129.    As described above, Defendants maintained an unlawful policy and practice of deducting wages and earnings from Plaintiff and other class members by deducting wages rightfully owed to the class as designated from their employment agreement.

## TWELFTH CAUSE OF ACTION

### UNFAIR COMPETITION

### Violation of Business and Professions Code §§ 17200 *et seq.*

130.    All outside paragraphs of this Complaint are incorporated into this section.

131.    Defendant have engaged and continue to engage in unfair and/or unlawful business practices in the State of California in violation of California Business and

Professions Code § 17200 by committing the foregoing wage and hour violations alleged throughout this Complaint.

132. Defendant' dependence on these unfair and/or unlawful business practices deprived Plaintiff and continue to deprive other class members of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage to Defendant over competitors who have been and/or are currently employing workers in compliance with California's wage and hour laws. These failures constitute unlawful, deceptive, and unfair business acts and practices in violation of Business and Professions Code section 17200 *et seq.*

133. Plaintiff is a victim of Defendant' unfair and/or unlawful conduct alleged in this Complaint, and Plaintiff, as an individual and on behalf of others similarly situated, seeks full restitution of the moneys as necessary and according to proof to restore all monies withheld, acquired, and/or converted by Defendant pursuant to Business and Professions Code §§ 17203 and 17208.

134. Plaintiff does not have an adequate remedy at law for past or future violations, to the extent the statute of limitations on each of the alleged causes of action do not extend to the four year limitation provided under the UCL or to the extent the underlying Labor Code and IWC Wage Order violations do not provide a private right of action.

135. Plaintiff and class members are entitled to injunctive relief against Defendant, restitution, and other equitable relief to return all funds over which Plaintiff and class members have an ownership interest and to prevent future damage and the public interest under Business and Professions Code § 17200 *et seq.* Plaintiff and class members are further entitled to recover interest, attorneys' fees, and costs to the extent permitted by law, including under Code of Civil Procedure § 1021.5.

## **PRAYER**

Plaintiff prays for judgment as follows:

a. For certification of this action as a class action;

CLASS AND COLLECTIVE ACTION COMPLAINT
*Oliverio-Still v. AVMAC LLC*

b. For certification of this action as an FLSA collective action;

c. For appointment of Plaintiff as the representative of the classes and collective;

d. For appointment of above-captioned counsel for Plaintiff as Class Counsel;

e. For recovery of damages in amount according to proof;

f. For all recoverable pre- and post-judgment interest;

g. For recovery of all civil and statutory penalties and liquidated damages;

h. For disgorgement of all amounts wrongfully obtained;

i. For restitution and injunctive relief;

j. For reasonable attorneys' fees and costs of suit, including expert fees, to the extent permitted by law, including (without limitation) under Labor Code §§ 218.5, 226, 1194, Code of Civil Procedure § 1021.5, and 29 U.S.C. § 216(b); and

k. For such other relief the Court deems just and proper.


Dated: May 16, 2024            Respectfully submitted,
                               *Ferraro Vega Employment Lawyers, Inc.*


                               By: *s/ Nicholas J. Ferraro*
                               Nicholas J. Ferraro
                               *Attorneys for Plaintiff Eric William Oliverio-Still*
                               *Email: nick@ferrarovega.com*

CLASS AND COLLECTIVE ACTION COMPLAINT
*Oliverio-Still v. AVMAC LLC*