

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WILLIAM OLIVERIO-STILL, et al.,<br><br>          Plaintiffs,<br><br>v.<br><br>AVMAC LLC,<br><br>          Defendant. | Case No.:  24-cv-0870-L-DEB<br><br>**ORDER DENYING NAMED PLAINTIFF'S MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT**<br><br>[ECF No. 27] |

Pending before the Court is Plaintiff Eric William Oliverio-Still's ("Named Plaintiff") unopposed motion to approve the settlement of wages and hours claims he asserts under the Fair Labor Standards Act ("FLSA") on his own behalf and on behalf of those similarly situated.  (ECF No. 27.)  The Court decides the matter on the papers submitted without oral argument.  *See* Civ. L. R. 7.1(d)(1).  For the reasons stated below, the motion is denied.

Named Plaintiff filed this action as a putative FLSA opt-in collective action under 29 U.S.C. § 216(b) on behalf of himself and other employees similarly situated.  He claims that while he worked for Defendant AVMAC LLC as a non-exempt employee,

24-cv-0870-L-DEB

Defendant underpaid his wages by failing to include all forms of remuneration, including cash in lieu of fringe benefits, into the regular rate of pay used to calculate overtime, sick time, and premium wages.  (ECF No. 12, "Compl.")  He also claims he was not paid for all the hours worked.

Title 29 Section 216(b) "gives employees the right to bring a private cause of action on their own behalf and on behalf of 'other employees similarly situated' for specified violations of the FLSA."  *Genesis Healthcare Corp. v. Symczyk,* 569 U.S. 66, 69 (2013).[1]  A suit brought on behalf of other employees is known as a "collective action."  *Id.* at 69; *Hoffman-LaRoche Inc. v. Sperling,* 493 U.S. 165, 169 (1989).

> [T]he collective action mechanism is … tailored specifically to vindicating federal labor rights.   The FLSA is a remedial statute with broad worker-protective aims.  The collective action mechanism is a means of serving these aims.

*Campbell v. City of Los Angeles,* 903 F.3d 1090, 1112-13 (9th Cir. 2018).

Named Plaintiff entered into a settlement with Defendant of all FLSA claims alleged in this action.  (ECF No. 27-2, Ferraro Decl. Ex. 1, Collective Action Settlement Agreement ("Settlement").)  "FLSA claims may not be settled without approval of either the Secretary of Labor or a district court."  *Seminiano v. Xyris Enterprise, Inc.,* 602 Fed. App'x 602 (9th Cir. 2015) (citing *Nall v. Mal-Motels, Inc.,* 723 F.3d 1304, 1306 (11th Cir. 2013)).  Approval is required in light of the FLSA's worker-protective aims and requires "scrutinizing the settlement for fairness."  *Nall,* 723 F.3d at 1306; *see also id.* at 1307 (discussing *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697 (1945).)

The Settlement includes a provision permitting modification of its terms by agreement of counsel.  (Settlement ¶ 10.7.)  Because settlement of FLSA claims requires / / / / /

---

[1]    Unless otherwise noted, internal quotation marks, citations, footnotes, ellipses, and brackets are omitted from citations.

24-cv-0870-L-DEB

approval of either the Secretary of Labor or a district court, the Court cannot approve an agreement which circumvents this requirement.

In the alternative, the proposed agreement would settle this action as a collective action, including 58 other employees who opted into this action.  (Settlement ¶ 1.6.) "[P]articipation in the collective action is a statutory 'right' held equally and individually by each party plaintiff, whether originally appearing in the complaint or later opting in." *Campbell,* 903 F.3d at 1108.  By filing a consent to join, aggrieved workers become parties plaintiff to the collective action.  29 U.S.C. § 216(b).  After a plaintiff opts into a collective action, there is no distinction between the original and opt-in plaintiffs. *Campbell,* 903 F.3d at 1108.  "The FLSA leaves no doubt that every plaintiff who opts into the collective action has party status." *Id.*  Accordingly, a collective action is

> a kind of mass action, in which aggrieved workers act as a collective of *individual* plaintiffs with individual cases—capitalizing on efficiencies of scale, but without necessarily permitting a specific, named representative to control the litigation, except as the workers may separately so agree.

*Id.* at 1105 (emph. in orig.).

Fifty-eight individuals have opted into this action (ECF No. 26, "Notice of Consent to Join") and became party plaintiffs.  However, only Named Plaintiff signed the Settlement.  (Settlement at 12.)  No evidence has been provided to show that all Plaintiffs agree to the Settlement, and the consent-to-join forms do not stipulate that Named Plaintiff controls this action.  (*See* Notice of Consent to Join.)  If the Settlement is approved, judgment will be entered and this action dismissed as to all Plaintiffs, including any who do not agree.  (Settlement ¶¶ 1.16, 1.20, 1.29, 5.2, 10.15.)  This outcome would be contrary to the individual party status of each opt-in Plaintiff.  Named Plaintiff's motion is therefore denied.

Finally, the proposed $10,000 Named Plaintiff award in addition to his pro rata share of the net settlement (Settlement ¶¶ 1.28, 2.2.1) appears excessive, as this action has settled before formal discovery.  Named Plaintiff has not been deposed, nor has he

24-cv-0870-L-DEB

been called upon to sign any affidavits, except for the declaration in support of his proposed award.  (ECF No. 27-3.)

For the foregoing reasons, Named Plaintiff's motion for approval of FLSA collective action settlement is denied without prejudice.  Any renewed motion for settlement approval must by accompanied with a redlined copy of the proposed settlement showing all changes to the Settlement filed at ECF No. 27-2.

**IT IS SO ORDERED.**

Dated:  June 1, 2026

Hon. M. James Lorenz
United States District Judge

24-cv-0870-L-DEB